IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAURICIO JAVIER ALVAREZ LOPEZ,<br><br>      Petitioner,<br><br> vs.<br><br>ESTELA DERR, WARDEN,<br><br>      Respondent. | CIV. NO. 22-00130 JMS-RT<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241, ECF NO. 1 |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241, ECF NO. 1

### I. INTRODUCTION

Before the court is pro se Petitioner Mauricio Javier Alvarez Lopez's ("Petitioner" or "Lopez") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), ECF No. 1. Lopez, a federal inmate currently serving his sentence at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu"), asserts two claims in his Petition: (1) The Federal Bureau of Prisons ("BOP")[1] has not awarded him time-served credit for the 197 days he spent in a Columbian jail, at the direction of the United States, before being extradited; and (2) he is being

---

[1] *See* https://www.bop.gov/locations/list.jsp (list of BOP-operated facilities, which includes "Honolulu FDC") (last visited June 30, 2022).

"improperly housed" within FDC Honolulu because he is living in a unit with "actual pre-sentenced inmates and violent inmates that should be segregated [from convicted inmates] per BOP policy." ECF No. 1 at PageID # 6. Lopez asks the court to order Respondent Warden Estela Derr ("Warden Derr") to credit him the 197 days; Lopez also asks the court to order Warden Derr to give him a proper housing assignment, consistent with his convicted status, or to transfer him to another facility where he can be properly housed. *Id.* at PageID # 8. For the reasons discussed below, the court DISMISSES the Petition without leave to amend.[2]

## II. DISCUSSION

Habeas corpus relief is available to a federal inmate pursuant to 28 U.S.C. § 2241 if the inmate can show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3). Challenges to the execution of a sentence must be brought under § 2241 and in the "custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

---

[2] The court decides this matter on the papers, without a hearing, pursuant to Local Rule 7.1(c). Warden Derr has filed a Response, ECF No. 8, and Lopez has filed a Reply, ECF No. 9. In his Reply, Lopez attempts to raise a third claim under § 2241: FDC Honolulu and Warden Derr are allegedly "depriv[ing] him of rights [by] applying a forced labor policy on deportable aliens." *Id.* at PageID # 114; *see also id.* at PageID # 115 ("The Petitioner is forced to work in the kitchen along with dozens of other deportable aliens."). But because claims asserted in a reply brief—but not in the habeas corpus petition itself—are improperly raised, the court will not consider that claim as part of Lopez's Petition. *See, e.g.*, *Madsen v. Baker*, 2018 WL 1746305, at *7 n.6 (D. Nev. Apr. 11, 2018) (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)).

More specifically, a challenge to the "manner, location, or conditions of a sentence's execution" must be brought under § 2241. *Id.*

When adjudicating a § 2241 petition, the district court must first determine whether it has jurisdiction over the petition before proceeding to any other issue. *Id.* at 865. Here, Lopez has filed his Petition with the proper court—this "custodial court"—the court sitting in the federal district in which Lopez is being held. *See id.* Nevertheless, the court lacks jurisdiction over Lopez's Petition for other reasons.

Lopez's time-credits claim is moot. In Warden Derr's Response, she asserts with supporting evidence that Lopez's sentence-computation has been updated after he filed his Petition. *See* ECF No. 8 at PageID # 42 (citing ECF Nos. 8-2 and 8-9). Specifically, she asserts that Lopez's projected release date has been updated to November 29, 2022 (it was previously set for July 17, 2023, *see* ECF No. 1-1 at PageID # 18), accounting for the time he served in the Columbian jail. ECF No. 8 at PageID # 42; *see also* ECF No. 8-2 at PageID # 58, ¶ 11 (BOP Management Analyst declaring that Lopez's sentence commenced on the date he was sentenced in federal court, "with custody credits applied from June 11, 2016 [(admission to Columbian jail)], through July 16, 2018 [(the day before sentencing)], and with 27 days good conduct removed"); https://www.bop.gov/

inmateloc/ (last visited June 30, 2022) (confirming projected release date of "11/29/2022" for "Mauricio Javier Alvarez Lopez").

Given that Lopez concedes the correctness of BOP's updated computation, *see* ECF No. 9 (Reply), and given that the evidence conclusively supports its accuracy,[3] the court finds that Lopez's time spent in the Columbian jail has been adequately accounted for under federal law, 18 U.S.C. § 3585(b). The court thus dismisses Lopez's time-credits claim as moot. *See, e.g., Zhang v. Mukasey*, 2009 WL 812145, at *2 (C.D. Cal. Mar. 26, 2009) ("The moot state of [habeas corpus] petitioner's claim deprives this Court of its power to act.").

As for Lopez's improper-housing claim, the court lacks jurisdiction over that claim either because it presents no real controversy or because it challenges a determination committed to the discretion of BOP, *see Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016) ("[A] district court has no jurisdiction over [the BOP's] discretionary designation decisions."). On one hand, Lopez supposes that he is being improperly classified as a "pre-sentenced inmate" and is thus being illegally housed with pretrial inmates. *See* ECF No. 1 at PageID # 6. Lopez reaches that supposition based on the language in a federal regulation,

---

[3] Because the evidence conclusively establishes that Lopez's projected release date is now correct, the court need not hold an evidentiary hearing before dismissing Lopez's time-credits claim under 28 U.S.C. § 2241. *See Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990) (citing *Spikes v. United States*, 633 F.2d 144, 145 (9th Cir. 1980)).

28 C.F.R. § 551.101, and the assertion that he has identified pretrial inmates in his housing unit.  *See* ECF No. 1 at PageID # 6; ECF No. 9 at PageID # 115.

           Lopez is off track as to both grounds.  Section 551.101 does not, as Lopez contends, require the BOP to classify *all* "deportable aliens" as "pretrial inmate[s]."[4]  Only deportable aliens who have not yet been "found guilty [by a court] of an offense punishable by law" can be classified as pretrial inmates. *See* 28 C.F.R. § 551.101(b).  Furthermore, the record in this case conclusively establishes that Lopez is being housed in a unit that primarily houses convicted inmates—that is, Lopez is *not* being housed in a unit dedicated to housing pretrial inmates.  *See* ECF No. 8-1 at PageID # 53, ¶ 8d (FDC Honolulu Unit Manager declaring that Lopez is assigned to unit "E02," i.e., "Unit 5A on the 5th floor," which "house[s] male inmates who are convicted"); ECF No. 8-9 at PageID # 88 (printout of Lopez's personnel records indicating that he is assigned to unit "EA," quarters "E02-231U"); ECF No. 9 at PageID # 114 (Lopez's Reply, composed on an inmate computer system that left a header indicating its location, "Unit: HON-E-A").  Notably, Lopez does not dispute in his Reply that he resides on the 5th floor of FDC Honolulu.[5]  *See* ECF No. 9.  With that being said, there is no real

---

    [4] Lopez does not state that he is a deportable alien, but his argument assumes so.

    [5] Because the evidence conclusively establishes that Lopez is being housed on the 5th floor and that the 5th floor primarily houses convicted inmates, the court need not hold an
(continued . . .)

5

"controversy" underlying this version of Lopez's improper-housing claim, and with no controversy, this court lacks jurisdiction.[6]

As to the other possible version, Lopez argues that even if he is being correctly classified and housed as a convicted inmate in unit EA, Warden Derr and FDC Honolulu are illegally mixing pretrial inmates into that unit. *See* ECF No. 1 at PageID # 6 (Lopez alleging that he is "improperly housed . . . with actual pre-sentenced inmates and violent inmates that should be segregated per BOP policy."); *see also* ECF No. 8-1 at PageID ## 53–54 (FDC Honolulu Unit Manager admitting that some pretrial inmates are housed on the 5th floor because they need to be separated from co-defendants who reside on the 4th floor). That argument implicates 18 U.S.C. § 3142(i)(2), which specifies that pretrial inmates should be held in "confinement in a corrections facility separate, *to the extent practicable*, from persons awaiting or serving sentences or being held in custody pending appeal." (emphasis added).

---

evidentiary hearing before dismissing Lopez's improper-housing claim under 28 U.S.C. § 2241. *See Anderson*, 898 F.2d at 753 (citing *Spikes*, 633 F.2d at 145).

[6] *See Parks v. Sullivan*, 2006 WL 707388, at *2 (E.D. Cal. Mar. 20, 2006) ("[T]here is no controversy present with respect to the issues in Petitioner's motion to which the Court's habeas jurisdiction would extend . . . . Accordingly, the Court lacks jurisdiction . . . ."), *report and recommendation adopted sub nom. Parks v. Lockyer*, 2006 WL 908681 (E.D. Cal. Apr. 7, 2006); *see also Flast v. Cohen*, 392 U.S. 83, 94 (1968) ("[T]he judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.'").

Lopez's challenge must fail, on jurisdictional grounds, because under § 3142(i)(2), the "BOP is left with discretion to assess the practicability of separating pretrial detainees from those who have already been convicted," *Palay v. United States*, 349 F.3d 418, 429 (7th Cir. 2003); *accord Keliihoomalu v. Derr*, 2022 WL 2118383, at *5 (D. Haw. June 13, 2022); *see also Palay*, 349 F.3d at 429 ("The statute thus reflects a preference for segregation but does not demand it where impractical."). It is clear that FDC Honolulu's motivation for mixing some pretrial inmates with convicted inmates—segregating co-defendants in order to increase security and decrease collusion[7]—is within its grant of discretion, especially considering that only three of its floors can house male inmates, one of those floors being dedicated to housing inmates in quarantine or under investigation for misconduct, ECF No. 8-1 at PageID # 53, ¶ 9. *See United States v. Dale*, 2007 WL 4205809, at *8 (W.D. Mo. Nov. 26, 2007) ("The legislative history of the Bail Reform Act of 1984 suggests that the language that pretrial detainees be confined separately from persons awaiting or serving sentences, 'to the extent practicable,' was intended to allow flexibility in light of space constraints . . . .").

---

[7] *See, e.g.*, *Gonzales v. Lopez*, 2008 WL 724247, at *5 (S.D. Tex. Mar. 17, 2008) ("[T]he state court judge told plaintiff and his defense counsel that plaintiff was in administrative segregation because of the security risks that he posed as well as the need to keep him from interacting with his co-defendants. Either reason is a valid basis for housing plaintiff in segregation.").

Put differently, the BOP (FDC Honolulu) has not exceeded its statutory grant of discretion by mixing some pretrial inmates with convicted inmates. *See Rodriguez*, 823 F.3d at 1242. The court, therefore, must dismiss for lack of jurisdiction that version of Lopez's improper-housing claim. *See id.*

### III. CONCLUSION

The court lacks jurisdiction over both claims in Lopez's Petition. The Petition is thus DISMISSED. This dismissal is without leave to amend because Lopez's claims suffer from uncurable jurisdictional defects, making any amendment of those claims futile. *See Nguyen v. Derr*, 2022 WL 1004206, at *3 (D. Haw. Apr. 4, 2022).[8] The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 30, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Lopez v. Derr*, Civ. No. 22-00130 JMS-RT, Order Dismissing Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1

---

[8] Because Lopez is a federal inmate bringing a § 2241 petition, the court need not address whether to issue a certificate of appealability. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008).